UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:23-CV-00044-RJC

| | |
|---|---|
| SHERRIE SMITH, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM AND ORDER OF** |
| SECURITY, ) | **REMAND** |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Social Security Brief, (Doc. No. 7), Defendant's Brief, (Doc. No. 10), and Plaintiff's Reply Brief, (Doc. No. 11).[1] Having fully considered the written arguments, administrative record, and applicable authority, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings consistent with this Memorandum and Order.

I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs. Plaintiff filed the present action on February 20, 2023. (Doc. No. 1). Relevant to the present discussion[2], Plaintiff assigns error to the Administrative Law Judge's ("ALJ")

---

[1] Following amendments to the Supplemental Rules for Social Security Actions, 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties are no longer required to file dispositive motions.
[2] Because the Court determines that remand is warranted based on material inconsistencies in the ALJ's decision, the Court declines to address the remaining allegations of error.

1

determination at step five[3], arguing that the ALJ's analysis of Plaintiff's Residual Functional Capacity[4] ("RFC"), his ultimate RFC finding, and his assessment at step five are materially inconsistent. (Doc. No. 7 at 4–6).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Fourth Circuit defined "substantial evidence" as being "more than a scintilla" and "do[ing] more than creat[ing] a suspicion of the existence of a fact to be

---

[3] "Step five requires the Commissioner to prove, by a preponderance of evidence, that a claimant can do other work that exists in significant numbers in the national economy." *Lawrence v. Saul*, 941 F.3d 140, 142 (4th Cir. 2019).

[4] The Social Security Regulations define "Residual Functional Capacity" as "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] [R]esidual [F]unctional [C]apacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; and *Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Relevant to the discussion here, Plaintiff argues remand is warranted because the ALJ's decision contains material inconsistencies between his analysis of Plaintiff's RFC, his ultimate assessment of Plaintiff's RFC, and his assessment at step five. (Doc. No. 7 at 4–6).

Plaintiff argues that the ALJ acknowledged that Plaintiff's deficits "preclude her from performing any detailed or complex tasks," but the ALJ did not include this limitation in the RFC assessment. (Doc. No. 7 at 4–6). As a result, the ALJ did not

3

Case 1:23-cv-00044-RJC    Document 12    Filed 01/06/25    Page 3 of 8

proffer this limitation on detailed or complex tasks to the Vocation Expert ("VE") at the hearing, during which the VE recommended that Plaintiff could perform reasoning level 2 jobs. (*Id.*). Plaintiff argues "this constitutes harmful error because the jobs the ALJ relied upon to deny [Plaintiff's] case at Step Five . . . require the individual to perform detailed work." (Doc. No. 11 at 1).

The Commissioner agrees that the ALJ mentioned but did not include in the RFC Plaintiff's inability to complete detailed and complex tasks, but he argues that the ALJ's repeated use of the word "simple" leaves no conflict. (Doc. No. 10 at 5–7). According to the Commissioner, the RFC limitation to "simple" tasks provides for Plaintiff's inability to perform "detailed" tasks, which is consistent with a determination that Plaintiff can perform reasoning level 2 jobs. (*Id.* at 5–6). The Commissioner relies on *Thomas* and *Lawrence* in arguing that no conflict exists. (*Id.*).

In *Thomas*, the Fourth Circuit held that an ALJ's failure to address a conflict between the Dictionary of Occupational Titles ("DOT") and the testimony of the VE warrants remand. *Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019). The Fourth Circuit found a conflict between a limitation to "short, simple instructions" and a reasoning level of two (which requires carrying out detailed but uninvolved instructions). *Id.* Subsequently, in *Lawrence*, the Fourth Circuit distinguished its ruling in *Thomas*, holding that no conflict exists between a reasoning level of two and the limitation to "simple, routine, repetitive tasks." *Lawrence v. Saul*, 941 F.3d 140, 143–44 (4th Cir. 2019). The court explained the difference between the limitation

4

"simple, routine, repetitive tasks" (reasoning level two) and the limitation in *Thomas* to "short, simple instructions" (reasoning level one).

> [T]he key difference is that Thomas was limited to "short" instructions. "Short" is inconsistent with "detailed" because detail and length are highly correlated. Generally, the longer the instructions, the more detail they can include. . . . There is no comparable inconsistency between [simple, routine, repetitive tasks] and Level 2 [reasoning].

*Id.* at 143. Further, the Fourth Circuit acknowledged that "simple" instructions do not conflict with "uninvolved" instructions because "both connote instructions that 'are not complicated or intricate.'" *Id.* (quoting *Moore v. Astrue*, 623 .3d 599, 604 (8th Cir. 2010) (citation omitted)).

Here, the issue is not whether a limitation of "simple" tasks is inconsistent with reasoning level 2 jobs. Rather, the issue is whether inconsistencies between the ALJ's analysis and his ultimate RFC determination warrants remand. The ALJ twice acknowledged Plaintiff's inability to participate in "detailed" tasks but failed to include this limitation in the RFC nor in the hypothetical presented to the VE, resulting in the VE's determination that Plaintiff could perform certain reasoning level 2 jobs, which require "[a]pply[ing] commonsense understanding to carry out detailed but uninvolved written or oral instructions." *DOT*, App. C, 1991 WL 688702.

Specifically, the ALJ determined that Plaintiff "can understand and follow simple instructions and directions," "can perform simple tasks independently," and reduced her RFC "to allow for only a range of simple tasks." (Doc. No. 5-2; Tr. 22, 25). However, in his analysis, the ALJ acknowledged that his findings "reveal deficits that would preclude [Plaintiff] from performing any detailed or complex tasks." (Doc. No.

5

5-2; Tr. 25). The ALJ reiterated that "[w]hile [Plaintiff] would clearly have difficulty performing work that was detailed or complex in nature, . . . there is nothing suggesting she is unable to perform a range of simple work as described in the above residual functional capacity." (*Id.* at 26). Despite the ALJ's recognition of Plaintiff's inability to perform detailed tasks, the ALJ did not include this limitation in the RFC, instead limiting Plaintiff to "simple" tasks, which materially affected the VE's recommendation. (*Id.*).

The inconsistency in the ALJ's decision "frustrate[s] meaningful review" and warrants remand so that the ALJ can clarify the apparent inconsistency between its analysis of Plaintiff's inability to perform detailed tasks, the RFC limitations, and his determination that Plaintiff can perform jobs that require carrying out detailed instructions. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citation omitted); *see Wilson v. Kijakazi*, No. 1:20CV661, 2022 U.S. Dist. LEXIS 30906, at *21 (M.D.N.C. Feb. 22, 2022) (remanding where "it is not clear whether [the inconsistency] was intentional or why the inconsistency exists between the ALJ's analysis and the actual RFC"); *Timothy G. v. O'Malley*, No. 6:22-cv-03608-TMC, 2024 U.S. Dist. LEXIS 31336, at *9–10 (D.S.C. Feb. 23, 2024) ("[T]he ALJ's overall RFC analysis contained several inconsistencies that were not accounted for in the explanation, and, as such, the court is unable to meaningfully review the ALJ's reasoning."); *Shawanda T. v. O'Malley*, No. 23-2663-CDA, 2024 U.S. Dist. LEXIS 173112, at *12 (D. Md. Sept. 25, 2024) ("Because the inconsistency between the ALJ's analysis and the RFC 'frustrate[s] meaningful review' of the ALJ's decision, remand is 'appropriate.'");

*Mallett v. Berryhill*, No. 5:18-CV-241-D, 2019 U.S. Dist. LEXIS 112782, at *13–14 (E.D.N.C. June 17, 2019), *memorandum and recommendation adopted*, 2019 U.S. Dist. LEXIS 112223 (E.D.N.C. July 8, 2019) (remanding where the ALJ "actually created inconsistencies or ambiguities that preclude meaningful review of her decision").

Accordingly, the Court concludes this matter must be remanded for the ALJ to resolve material inconsistencies in its decision. The ALJ's assessment is "lacking in the analysis needed for [the Court] to review meaningfully [his] conclusions." *Mascio v. Colvin*, 780 F.3d at 636–37. By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Commissioner's decision is **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g)[5] for further review consistent with this Order.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan v. Finkelstein,* 496 U.S. 617, 625 (1990). In this case, a new hearing is required.

7

Signed: January 6, 2025

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge